FILED

2004 MAR 24 AM 8:56

U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>CAPITAL ACQUISITIONS AND<br>MANAGEMENT CORP., a corporation;<br><br>RM FINANCIAL SERVICES, INC., a corporation;<br><br>REESE WAUGH, individually and as an officer<br>of Capital Acquisitions and Management Corp.<br>and RM Financial Services, Inc.;<br><br>JEROME KUEBLER, individually and as an<br>officer of Capital Acquisitions and Management<br>Corp.;<br><br>SCOTT R. FRANSON, individually and as an<br>owner and manager of Capital Acquisitions<br>and Management Corp.; and<br><br>MARIO BIANCHI, individually and as a manager<br>of RM Financial Services, Inc. and Capital<br>Acquisition and Management Company,<br><br>        Defendants. | Case No. **04 C 50147**<br><br>COMPLAINT FOR CIVIL PENALTIES,<br>INJUNCTIVE, AND OTHER RELIEF<br><br><br>DOCKETED<br>MAR 2 4 2004 |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission"), by its undersigned attorneys, for its complaint alleges as follows:

## JURISDICTION AND VENUE

1. This is an action arising under §§ 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 53(b), and 56(a), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, to obtain monetary civil penalties and injunctive and other equitable relief for defendants' violations of the FDCPA.

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337, 1345, and 1355, and under 15 U.S.C. §§ 45(m)(1)(A), 53(b), 57b, and 1692*l*. This action arises under 15 U.S.C. § 45(a)(1) and 15 U.S.C. §1692*l*.

3. Venue is proper in the United States District Court for the Northern District of Illinois under 28 U.S.C. §§ 1391(b-c) and 1395(a), and 15 U.S.C. § 53(b).

## DEFENDANTS

4. Defendant Capital Acquisitions and Management Corp. ("CAMCO"), is a for-profit corporation organized, existing, and doing business under the laws of the State of Illinois. Its principal place of business is located at 303 N. Main Street, Rockford, Illinois. At all times relevant to this complaint, defendant CAMCO has transacted business in this district.

5. Defendant RM Financial Services, Inc. ("RM"), is a for-profit corporation organized, existing, and doing business under the laws of the State of Georgia. Its principal place of business is located at 3000 Northwoods Parkway, Suite 105, Norcross, Georgia 30071. At all times relevant to this complaint, defendant RM has transacted business in this district.

6. Defendant Reese Waugh ("Waugh") is a vice president, the chief operating officer and a director of CAMCO and the president of RM. Waugh resides at 12757 Northwood Drive, Genoa, Illinois 60135-8343. Individually and in his capacity as vice-president and chief operating officer of CAMCO and president of RM, defendant Waugh has formulated, directed, and controlled the acts and practices of CAMCO and RM, including the acts and practices alleged herein. At all times relevant to this complaint, defendant Waugh, individually and acting through CAMCO and RM, has transacted business in this district.

7. Defendant Jerome Kuebler ("Kuebler") is vice president of operations of CAMCO. Kuebler resides at 604 Oakview Avenue, Joliet, IL 60433. Individually and in his capacity of vice

president of operations of CAMCO, Kuebler has formulated, directed, and controlled the acts and practices of CAMCO, including the acts and practices alleged herein. At all times relevant to this complaint, defendant Kuebler, individually and acting through CAMCO, has transacted business in this district.

8. Defendant Scott R. Franson ("Franson") is a debt collection manager and a debt collector at CAMCO. Franson resides at 12965 Williams Court, Genoa, IL 60135. Individually and in his capacity as a debt collection manager and debt collector of CAMCO, Franson has formulated, directed, participated in, and controlled the acts and practices of CAMCO, including the acts and practices alleged herein. At all times relevant to this complaint, defendant Franson, individually and acting through CAMCO, has transacted business in this district.

9. Defendant Mario Bianchi ("Bianchi") was a debt collection manager and a debt collector at RM. Bianchi is currently a debt collection manager and a debt collector at CAMCO's Schaumburg office. Bianchi resides at 3N561 Meadow Road, Addison, IL 60101. Individually and in his capacity as a debt collection manager and debt collector of CAMCO and RM, Bianchi has formulated, directed, participated in, and controlled the acts and practices of CAMCO and RM, including the acts and practices alleged herein. At all times relevant to this complaint, defendant Bianchi, individually and acting through CAMCO and RM, has transacted business in this district.

10. Defendants CAMCO, RM, Waugh, Kuebler, Franson, and Bianchi are "debt collectors" as defined in Section 803(6) of the FDCPA, 15 U.S.C. §1692a(5).

## FAIR DEBT COLLECTION PRACTICES ACT

11. In 1977, Congress passed the FDCPA, 15 U.S.C. §1692, *et seq.*, which became effective on March 20, 1978, and has been in force since that date. Section 814 of the FDCPA, 15 U.S.C. § 1692*l*, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FDCPA by any debt collector, irrespective of whether that debt collector is engaged in commerce or meets any other jurisdictional tests set by the FTC Act. The authority of the Commission in this regard includes the power to enforce the provisions of the FDCPA in the same manner as if the violations of the FDCPA were violations of a Federal Trade Commission trade regulation rule.

12. The term "consumer," as used in this complaint, means any natural person obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

## COUNT ONE

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

13. On numerous occasions, in connection with the collection of debts, defendants have communicated with a consumer without the consumer's prior consent given directly to the debt collector or the express permission of a court of competent jurisdiction:

   a. at times or places that defendants knew or should have known to be inconvenient to the consumer, including but not limited to communicating with the consumer at the consumer's place of employment when the debt collector knew or should have known that it is inconvenient for the consumer to receive such communications, in violation of Section 805(a)(1) of the FDCPA, 15 U.S.C. § 1692c(a)(1); or

   b. at the consumer's place of employment when defendants knew or had reason to know that the consumer's employer prohibited the consumer from receiving such communications, in violation of Section 805(a)(3) of the FDCPA, 15 U.S.C. § 1692c(a)(3).

14. On numerous occasions, in connection with the collection of debts, defendants have communicated with third parties for purposes other that acquiring location information about the consumer, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a post-judgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b).

15. On numerous occasions, in connection with the collection of debts, defendants have communicated with a consumer after the consumer has notified defendants in writing that the consumer refuse to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, in violation of Section 805(c) of the FDCPA, 15 U.S.C. § 1692c(c).

16. On numerous occasions, in connection with the collection of debts, defendants have engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person, in violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d, including but not limited to the following:

    a. using obscene or profane language or language the natural consequence of which is to abuse the hearer, in violation of Section 806(2) of the FDCPA, 15 U.S.C. § 1692d(2); or

    b. causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number, in violation of Section 806(5) of the FDCPA, 15 U.S.C. § 1692d(5).

17. On numerous occasions, in connection with the collection of a debt, defendants have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including but not limited to the following:

    a. falsely representing the character, amount, or legal status of any debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A);

    b. falsely representing or implying that any individual is an attorney or that a communication is from an attorney, in violation of Section 807(3) of the FDCPA, 15 U.S.C. § 1692e(3);

    c. representing that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action, in violation of Section 807(4) of the FDCPA, 15 U.S.C. § 1692e(4);

    d. threatening to take any action that cannot legally be taken or that is not intended to be taken, in violation of Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5);

    e. threatening to communicate to any person credit information that defendants know or should have known to be false, in violation of Section 807(8) of the FDCPA, 15 U.S.C. § 1692e(8); or

      f.    using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10).

18. On numerous occasions, in connection with the collection of a debt, when the consumer has notified defendants in writing within the thirty (30) day period described in Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a), that the debt, or any portion thereof, is disputed, defendants have continued to attempt to collect the debt before verification of the debt was provided to the consumer, in violation of Section 809(b) of the FDCPA, 15 U.S.C. § 1692g(b).

## CIVIL PENALTIES AND INJUNCTION FOR VIOLATIONS OF THE FDCPA

19. Defendants have violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

20. Each instance within five years preceding the filing of this complaint, in which each defendant has failed to comply with the FDCPA in one or more of the ways described above, constitutes a separate violation for which plaintiff seeks monetary civil penalties.

21. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), authorizes the Court to award monetary civil penalties of $11,000 for each violation of the FDCPA.

22. Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction to ensure that defendants will not continue to violate the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court, acting pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 1692*l*, and its own equitable powers:

1. Enter judgment against defendants and in favor of plaintiff for each violation alleged in this complaint;

2. Award plaintiff monetary civil penalties for each violation of the FDCPA occurring within the five years preceding the filing of this complaint;

3. Order defendants to include the following disclosure in each written communication with consumers in connection with the collection of a debt:

> **The law requires us to stop contacting you about this debt** if you write to us and ask us to stop. However, under the law, we may still contact you for two reasons:
>
> - to advise you that we or your creditor intend(s) to pursue specific remedies permitted by law; or
>
> - to advise you that our efforts are being terminated.
>
> This law is enforced by the Federal Trade Commission, Washington, D.C. 20580. If you have a complaint about the way we are collecting this debt, you may write to the Federal Trade Commission, 915 Second Avenue, Suite 2896, Seattle, Washington 98174, file your complaint online at www.ftc.gov, or call the FTC at 1-877-FTC-HELP.

4. Order defendant to provide the following notice to each employee having responsibility with respect to the collection of debts, no later than the time the employee assumes responsibility with respect to the collection of debts, and to obtain from each such person a signed statement acknowledging receipt of a copy of the notice:

> Debt collectors must comply with the federal Fair Debt Collection Practices Act, which limits our activities in trying to collect money from consumers. Most importantly, Section 805 of the Act prohibits you from contacting a consumer at work if you know or should know it is inconvenient for the consumer, or from communicating with any person other than the consumer for any purpose other than to obtain location information about the consumer not previously known. In addition, Section 807 of the Act prohibits you from representing or implying that any action, including legal action, will be taken unless, at the time of the representation, the action is lawful and there is a clear intent to take the action. Individual debt collectors may be financially liable for their violations of the Act.

5. Enjoin defendants permanently from future violations of the FDCPA; and

6. Award plaintiff such additional relief as the Court may deem just and proper.

DATED: _March 24_, 2004

Of counsel:

CHARLES A. HARWOOD
Director, Northwest Region

NADINE S. SAMTER
Attorney
Northwest Region
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, WA 98174

FOR THE UNITED STATES OF AMERICA:

PETER D. KEISLER
Assistant Attorney General
Civil Division
United States Department of Justice

PATRICK J. FITZGERALD
United States Attorney
Northern District of Illinois

By: _Monica Mallory_
MONICA V. MALLORY
Assistant United States Attorney
308 West State Street, Ste. 300
Rockford, Illinois 61101
(815) 987-4444

EUGENE M. THIROLF
Director
Office of Consumer Litigation

By: _Elizabeth Stein_
ELIZABETH STEIN
Attorney
Office of Consumer Litigation
Civil Division
U.S. Department of Justice
Washington, D.C. 20530
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001
(202) 307-0486 (voice)
(202) 514-8742 (fax)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

FILED—WN
2004 MAR 24 AM 8: 56

## Civil Cover Sheet

U.S. DISTRICT COURT

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**04C50147**

| | |
|---|---|
| **Plaintiff(s):** United States of America | **Defendant(s):** CAPITAL ACQUISITIONS AND MANAGEMENT CORP., a corporation; RM FINANCIAL SERVICES, INC., a corporation; REESE WAUGH, individually and as an officer of Capital Acquisitions and Management Corp. and RM Financial Services, Inc.; JEROME KUEBLER, individually and as an officer of Capital Acquisitions and Management Corp.; SCOTT R. FRANSON, individually and as an owner and manager of Capital Acquisitions and Management Corp.; and MARIO BIANCHI, individually and as a manager of RM Financial Services, Inc. and Capital Acquisition and Management Company |
| **County of Residence:** | **County of Residence:** Winnebago |
| **Plaintiff's Atty:** Elizabeth Stein<br>Office of Consumer Litigation, Civil Division, U.S. Department of Justice<br>950 Pennsylvania Ave., N.W., Washington, DC 20530<br>202-307-0486 | **Defendant's Atty:**<br>Michael J. Hayes<br>Gardner Carton & Douglas<br>191 N. Wacker Drive, Suite 3700, Chicago, IL 60606<br>312-569-1000 |



DOCKETED
MAR 2 4 2004

II. Basis of Jurisdiction:          1. U.S. Gov't Plaintiff

III. Citizenship of Principal
Parties (Diversity Cases Only)
        Plaintiff:- N/A
        Defendant:- N/A

IV. Origin :                        1. Original Proceeding

V. Nature of Suit:                  890 Other Statutory Actions

VI. Cause of Action:                15 USC 45(a) and 15 USC 1692 et seq., to obtain monetary civil penalties and injunctive and other equitable relief for defendants' violations of the Fair Debt Collection Practices Act, 15 USC 1692 et seq.

VII. Requested in Complaint
        Class Action: No
        Dollar Demand: $300,000
        Jury Demand: No

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _Elizabeth Stein_

Date: _March 23, 2004_

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**     Revised: 06/28/00